THE HONORABLE, THE ASSEMBLY, Legislature
Assembly Resolution 75 (1973) requests my opinion on the constitutionality of 1973 Assembly Bill 1387.
I am of the opinion the bill, as of March 21, 1974, and prior to changes made thereto by subsequent amendment, is unconstitutional because it is in violation of Art. VIII, sec. 7
(2) (a), Wis. Const., which provides:
 "(a) The state may contract public debt and pledges to the payment thereof its full faith, credit and taxing power to acquire, construct, develop, extend, enlarge or improve land, waters, property, highways, buildings, equipment or facilities for public purposes."
A detailed analysis of the bill by the Legislative Reference Bureau appears on the first two pages of 1973 Assembly Bill 1387, but the main features of the bill for purposes of this opinion are that the bill establishes a first mortgage loan program administered by the Department of Veterans Affairs, and the loan funds for the program are to be made available through state general obligation bonds. Section 4 of the bill creates sec.20.866 (2) (zn), Stats., and provides for $130,000,000 of bonding authority.
An examination of the file of the Legislative Reference Bureau for 1969 Assembly Joint Resolution 1 shows that the amendment of Art. VIII, sec. 7, Wis. Const., granted the state the authority to contract debt and borrow money for only limited public purposes. The question for ratification as stated on the ballot was as follows:
 "Shall section 7 of article VIII of the constitution be amended to permit the state to contract public debt, limited in *Page 343 
amount, in order to acquire, construct, develop, extend, enlarge or improve land, waters, property, highways, buildings, equipment or facilities for public purposes, and eliminate reliance on the present method of financing such expenditures through leases with dummy building corporations? (Note: Adoption of this amendment would end the practice of borrowing through `dummy' building corporations which, as of 12/1/67, had an outstanding indebtedness of $382,511,869. Beginning 1/1/71 borrowing through state public building corporations would be unconstitutional, and all bonds issued for the state building program would be backed by the full faith and credit of the state.)"
Thus, the main thrust of the amendment was to substitute general obligation bonding for the dummy building corporation scheme of financing state building projects. General obligation bonding never was intended to be a substitute for the direct appropriation of tax revenues for financing any state program possessed with a public purpose. Clearly the amendment never contemplated borrowing for all public purposes, but for only those public purposes specifically referred to in Art. VIII, sec.7 (2) (a), Wis. Const.
Accordingly, funds for a first mortgage loan program to finance private housing for veterans cannot be obtained through state general obligation bonding within the meaning and intent of Art.VIII, sec. 7, Wis. Const.
RWW:DCM:APH